IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60150
Summary Calendar
_____

MARY S. SMITH,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:97-CV-8-L-S
- - - - - - - - - -
September 30, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Mary S. Smith appeals the district court's judgment affirming the Commissioner of Social Security's denial of disability and supplemental security income (SSI) benefits. Smith argues that there is no substantial evidence to support the Commissioner's finding that she can perform a limited range of light work. Having reviewed the entire record, we find that the decision was supported by substantial evidence and the proper legal standards were used in evaluating the evidence. See Villa v. Sullivan, 895 F.2d 1019,

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1021 (5th Cir. 1990); <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995).

Smith argues that the Administrative Law Judge (ALJ) erred in discounting her complaints of pain. Contrary to this assertion, the ALJ considered the factors relevant to complaints of debilitating pain pursuant to 20 C.F.R. § 416.929. There is substantial evidence to support ALJ's finding that Smith's testimony regarding her functional limitations and pain was not supported by the medical record and was not credible. See <u>Falco v. Shalala</u>, 27 F.3d 160, 163 (5th Cir. 1994).

Smith attacks the ALJ's finding that there are significant jobs in the national economy which she can perform given her limitations. First, Smith wrongly asserts that the ALJ improperly relied on the medical-vocational guidelines rather than relying on the testimony of the vocational expert (VE). <u>Scott v. Shalala</u>, 30 F.3d 33, 35 (5th Cir. 1994). Although noting that these guidelines would direct a finding of not disabled, the ALJ obtained testimony from a vocational expert and clearly relied on that testimony in reaching his conclusion.

Smith also asserts that the testimony of the VE was not sufficient to show that there were jobs which she could perform. The VE testified that there were a significant number of jobs in the local economy which Smith could perform. See <u>Morris v. Bowen</u>, 864 F.2d 333, 335-36 (5th Cir. 1988). Smith's bald assertions do not disprove this testimony. See <u>Vaughan v. Shalala</u>, 58 F.3d 129, 132 (5th Cir. 1995).

AFFIRMED.